**NON-DISCLOSURE AGREEMENT**
**Effective Date:** August 12, 2025

This NON-DISCLOSURE Agreement ("Agreement") is entered into by and between **Enevive LLC**, a limited liability company organized and operating nationwide (the "Company" or "Disclosing Party"), and _____ ("Recipient").

## RECITALS

A. The Parties wish to explore a business relationship and may exchange Confidential Information.

B. The Parties desire to protect their respective Confidential Information and legitimate business interests.

C. The Parties agree to be bound by the terms below.

## 1. DEFINITIONS

**1.1 Confidential Information.** All technical, business, financial, marketing, customer, vendor, proprietary, or trade secret information disclosed by one Party to the other, whether written, oral, electronic, or otherwise, that is designated confidential or reasonably understood to be confidential given the nature of the information and circumstances of disclosure.

**1.2 "Associated With."** For purposes of this Agreement, "associated with" means:

- Any person who is an owner, co-owner, employee, contractor, partner, consultant, representative, family member, or close personal associate of a named individual or entity; and/or

- Any business, company, organization, or venture in which a named individual or entity has any ownership interest, management role, financial involvement, advisory position, or active participation.

## 2. CONFIDENTIALITY

**2.1 Obligations.** The Recipient shall:

- Use Confidential Information solely for the Business Purpose;

- Not disclose Confidential Information to any third party without prior written consent;

- Restrict access to Confidential Information to employees or agents on a need-to-know basis who are bound by confidentiality obligations;

- Protect Confidential Information with at least the same degree of care as Recipient protects its own confidential information, but no less than reasonable care.

## 2.2 Exclusions. Confidential Information excludes information that:

- Is publicly available without breach;

- Is rightfully received from third parties without restrictions;

- Is independently developed without use of Confidential Information;

- Is required to be disclosed by law or court order (with prompt notice to the Company).

**2.3 Return of Materials.** Upon termination or at the Company's request, Recipient shall promptly return or destroy all Confidential Information and copies.

**2.4 Prohibited Disclosures to Specific Parties.**
 Without limiting the obligations in this Agreement, Recipient expressly agrees not to directly or indirectly share, communicate, transmit, transfer, or otherwise make available any Confidential Information — including, but not limited to, customer leads, pricing, business plans, or other proprietary data — to any of the following individuals or entities **or anyone associated with them** (as defined in Section 1.2):

**Topher Scheeler, Christopher Watson, Jared Bayless, Rob Adams, or Blue Logic Water LLC.**

Recipient acknowledges that disclosure to any of these named parties, or anyone associated with them, would constitute a material breach of this Agreement.

---

## 3. NON-SOLICITATION

**3.1 Customers and Vendors.** For a period of twelve (12) months from the Effective Date, Recipient shall not directly or indirectly solicit or conduct business with any Company customer or vendor with whom Recipient had material contact.

**3.2 Employees.** For a period of twelve (12) months from the Effective Date, Recipient shall not directly or indirectly solicit or hire any Company employee or contractor.

# 4. REMEDIES

**4.1 Injunctive Relief.** Recipient acknowledges that breach would cause irreparable harm to the Company, for which monetary damages would be inadequate. The Company may seek injunctive relief, including temporary restraining orders or preliminary injunctions, without the requirement of posting bond.

**4.2 Damages.** The Company shall be entitled to recover actual damages, including costs and reasonable attorney's fees incurred as a result of any breach of this Agreement.

**4.3 Liquidated Damages.** The Parties acknowledge that actual damages may be difficult to ascertain, and agree that, in the event of unauthorized use or disclosure of Confidential Information, the Recipient shall pay liquidated damages in an amount to be determined by the court, not to exceed a reasonable pre-estimate of loss. This provision is not intended to be punitive.

**4.4 Non-Exclusive Remedies.** The remedies provided herein are cumulative and in addition to any other rights or remedies available at law or equity.

# 5. MISCELLANEOUS

**5.1 Governing Law and Jurisdiction.** This Agreement shall be governed by and construed under the laws of the State of Utah, and the Parties consent to the exclusive jurisdiction and venue of courts located in Utah for any disputes arising under this Agreement.

**5.2 Severability.** If any provision is found unenforceable, the remainder remains effective. The Parties agree to negotiate a valid replacement clause if needed.

**5.3 No Waiver.** Failure to enforce any right is not a waiver of that right.

**5.4 Entire Agreement.** This Agreement supersedes prior agreements related to its subject matter.

**IN WITNESS WHEREOF,** the Parties execute this Agreement as of the Effective Date.

**Enevive LLC**
By: _____
Name: Trent Spafford
Title: Founder/CEO
Date: 8/17/25 _____

**Recipient**

By: _____

Name: _Trevor Lee_____

Address: _1321 East Daffodil Cf Layton UT 84040_

Date: _8/12/25_____

**Witnessed by:** _____

Name: _TREM SPATIGNY___

Date: _8/12/25_____