Brady Brammer (13411)
Matthew C. Piccolo (15707)
BRAMMER RANCK, LLP
3300 N. Triumph Blvd., Suite 100
Lehi, Utah 84043
Tel: (385) 746-1201
bbrammer@brfirm.com
mpiccolo@brfirm.com
*Attorneys for Defendants*

---

IN THE UNITED STATES DISTRICT COURT

FOR THE  DISTRICT OF UTAH

| | |
|---|---|
| ENEVIVE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>BLUELOGIC, LLC, CHRISTOPHER (TOPHER) SCHEELER, ROBERT HEINRICH ADAMS, CHRISTOPHER WATSON, TREVOR LEE, JARED BAYLESS, and DOES 1-10.<br><br>    Defendants. | **ANSWER TO FIRST AMENDED COMPLAINT**<br><br>Case No.: 2:25-cv-00796-TC-CMR<br><br>Judge: Tena Campbell<br>Magistrate Judge Cecilia M. Romero |

Defendants BlueLogic, LLC, Christopher Scheeler, Robert Heinrich Adams, Christopher Watson, and Jared Bayless ("Defendants") answer the First Amended Complaint ("FAC"), as follows:

### PARTIES, JURISDICTION, AND VENUE

1.    Admit the allegations in paragraph 1 of the FAC.

2.    Admit the allegations in paragraph 2 of the FAC.

3.    Admit the allegations in paragraph 3 of the FAC.

4.    Admit the allegations in paragraph 4 of the FAC.

5.    Admit the allegations in paragraph 5 of the FAC.

1

6.      Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 6 of the FAC.

7.      Admit the allegations in paragraph 7 of the FAC.

8.      Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 8 of the FAC, and therefore deny the same.

9.      Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 9 of the FAC, and therefore deny the same.

10.     Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 10 of the FAC, and therefore deny the same.

11.     Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 11 of the FAC, and therefore deny the same.

## GENERAL ALLEGATIONS

12.     Deny the allegations in paragraph 12 of the FAC.

13.     Admit the allegations in paragraph 13 of the FAC.

14.     Deny the allegations in paragraph 14 of the FAC.

15.     Deny the allegations in paragraph 15 of the FAC.

16.     Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 16 of the FAC, and therefore deny the same.

17.     Admit that Enevive maintains a website for the purposes described, as alleged in paragraph 17 of the FAC, but Defendants lack sufficient knowledge as to what date the screenshots were taken or whether the screenshots are accurate depictions of the website on those dates; thus, deny that the screenshots are an accurate depiction of the website.

**HIRING SCHEELER, ADAMS, WATSON, LEE AND BAYLESS**

18.    Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 18 of the FAC, and therefore deny the same.

19.    Deny that Mr. Bayless lacked prior experience. Admit that Mr. Adams, Mr. Scheeler, and Mr. Watson lacked prior experience in the home water purification industry. Defendants are without specific knowledge to admit or deny the remaining allegations in paragraph 19 of the FAC.

20.    Admit that Mr. Adams began performing work on March 11, 2024. Deny that he was an employee of Enevive.

21.    Admit the allegations in paragraph 21 of the FAC.

22.    Deny the allegations in subparagraph 22.c and 22.d of the FAC. Admit the remaining allegations in paragraph 22 of the FAC.

23.    Admit that Mr. Adams signed a document titled "Non-compete/Non-disclosure Agreement," as alleged in paragraph 23 of the FAC; deny that the paragraphs quoted are accurate representations of the agreement.

24.    The term "hired" is vague. Admit that Enevive hired Mr. Scheeler in June 2024 as an employee with the understanding he would transition to 1099 contractor status. Deny the remaining allegations in paragraph 24 of the FAC. Mr. Watson was never an employee; he was engaged as a 1099 contractor for technology support.

25.    Admit that Mr. Adams recommended that Enevive engage the services of Mr. Scheeler and Mr. Watson. Deny the remaining allegations in paragraph 25 of the FAC.

26.    Admit that Mr. Scheeler was hired in June 2024 with the understanding he would transition to 1099 status. Deny the remaining allegations in paragraph 26 of the FAC.

27.    Admit that Mr. Scheeler and Mr. Watson were given access to the CRM system

and client lists. Deny that Enevive had any proprietary business information and methods and any other allegations. To the extent that paragraph 27 of the FAC re-alleges or incorporates by reference the allegations in paragraph 14 of the FAC, Defendants reallege and incorporate paragraph 14 of this Answer.

28.     Admit the allegations in subparagraph 28.c of the FAC. Deny all remaining allegations in  paragraph 28 of the FAC.

29.     Deny the allegations in paragraph 29 of the FAC.

30.     Admit that Mr. Scheeler signed the document described as Exhibit B, as alleged in paragraph 30 of the FAC. Deny the legal characterization of the document.

31.     Deny that Enevive had proprietary business information and methods. Admit that Mr. Watson was given access to the CRM system and client lists. Mr. Watson was never an employee; he was engaged as a 1099 contractor for technology support. To the extent that Paragraph 31 of the FAC incorporates the allegations in Paragraph 14 and 28 of the FAC, Defendants reallege and incorporate by reference their responses in the respective paragraphs.  deny them in the same way.

32.     Admit that Mr. Watson provided technical expertise. Mr. Watson onboarded Plaintiff to its own instance of Go High Level. Mr. Scheeler, not Mr. Watson, designed and built the workflows used in the system.

33.     Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 33 of the FAC.

34.     Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 34 of the FAC.

35.     Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 35 of the FAC.

36. Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 36 of the FAC.

37. Admit that Mr. Bayless signed the documents described as Exhibit E, and began working for Enevive beginning December 30, 2024, as a 1099 contractor. Deny that Mr. Scheeler and Mr. Watson insisted that Mr. Bayless be brought on in a full-time capacity.

38. Deny allegations in subparagraphs c, d, f, and h of paragraph 38 of the FAC. Admit all remaining allegations in paragraph 38 of the FAC.

39. Admit that Mr. Bayless signed the documents described as Exhibit E. Deny that all the language quoted is an accurate representation of the agreement. Mr. Bayless was a 1099 contractor, not an employee.

40. Admit that Mr. Bayless signed a document entitled Non-Disclosure Agreement on December 30, 2024. Deny that Plaintiff's characterization of the language in that document is accurate.

41. Deny the allegations in paragraph 41 of the FAC, other than the allegations in respect to Mr. Lee. Defendants lack sufficient knowledge to admit or deny that allegation.

## DEFENDANTS FORM BLUE LOGIC

42. Admit that while Defendants performed work for Enevive, the Spaffords were the company's managing members.

43. Admit the allegations in paragraph 43 of the FAC.

44. Admit that Mr. Scheeler and Mr. Watson grew dissatisfied with Spaffords' leadership of Enevive. Deny that Mr. Watson and Mr. Scheeler ever promised any results related to volume of leads generated or otherwise.

45. Deny the allegations in paragraph 46 of the FAC.

46. Deny the allegations in paragraph 46 of the FAC.

47. Deny that Mr. Scheeler attempted to recruit any Enevive employees to join a competing business while employed at Enevive.

48. Deny the allegations in Paragraph 48 of the FAC.

49. Deny the allegations in paragraph 49 of the FAC.

50. Deny the allegations in paragraph 50 of the FAC.

51. Deny the allegations in paragraph 51 of the FAC.

52. Admit the allegations in paragraph 52 of the FAC, other than whether the Spaffords were aware of BlueLogic's formation because Defendants lack sufficient knowledge of that allegation, and deny the characterization of Mr. Watson and Mr. Bayless as employees.

53. Admit  the allegations in paragraph 53 of the FAC.

54. Admit the allegations in paragraph 54 of the FAC.

55. Admit that Mr. Spafford terminated Mr. Scheeler on May 29, 2025. Deny the remaining allegations in paragraph 55 of the FAC.

56. Admit that Mr. Watson ended his relationship with Plaintiff on May 29, 2025. Deny he was ever an employee.

57. Deny the allegations in paragraph 57 of the FAC.

58. Admit that on July 7, 2025, Mr. Bayless resigned. Deny that he resigned without notice. Deny the remaining allegations in paragraph 58 of the FAC.

59. Admit that Mr. Bayless is an independent contractor with BlueLogic. Deny remaining allegations in paragraph 59 of the FAC.

## **DEFENDANT'S BEHAVIOR SINCE TERMINATION**

*Lead Generation Software Incident*

60. Deny the allegations in paragraph 60 of the FAC.

61. Deny the allegations in Paragraph 61 of the FAC.

6

62.     Deny that any "lead generation software" existed. Defendants are without sufficient knowledge to admit or deny whether Enevive experienced a halt in lead generation, and therefore deny the same.

63.     Deny the allegations in paragraph 63 of the FAC.

*Reading out to Enevive Product Partners*

64.     Deny the allegations in paragraph 64 of the FAC.

65.     Admit that Mr. Bayless sent the email referenced in paragraph 65 of the FAC. Deny Plaintiff's characterization of Kirk Todd as an Enevive product partner.

66.     Admit that the picture appears to depict the installation diagram of an Enevive product; however, Defendants are without sufficient knowledge to admit or deny whether the image is authentic and, therefore, deny that it is.  Deny the remaining allegations in paragraph 66 of the FAC.

*Lee's Involvement*

67.     Deny the allegations in paragraph 67 of the FAC.

68.     Deny the allegations in paragraph 68 of the FAC.

69.     Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 69 of the FAC.

70.     Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 70 of the FAC.

*Post-termination Recruitment of Other Enevive Employees*

71.     Deny the allegations in paragraph 71 of the FAC.

72.     Deny the allegations in paragraph 72 of the FAC.

*Trade Dress and Trademark Infringement*

73.     Admit the allegations in paragraph 73 of the FAC.  To the extent that paragraph 73 of the FAC incorporates by reference paragraph 15 of the FAC, defendants reallege and incorporate by reference the earlier denial of that paragraph.

74.     Defendants are without sufficient knowledge as to the source, authenticity, and date of the images in paragraph 74 of the FAC, and therefore deny they are authentic and any allegations related to them. Deny any remaining allegations in paragraph 74 of the FAC.

75.     Deny the allegations in paragraph 75 of the FAC.

76.     Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 76 of the FAC, and therefore deny the same.

77.     Deny the allegations in paragraph 77 of the FAC.

78.     Deny the allegations in paragraph 78 of the FAC.

79.     Deny the allegations in paragraph 79 of the FAC.

80.     Deny the allegations in paragraph 80 of the FAC.

## FIRST CAUSE OF ACTION
(Unfair Competition – Against All Defendants)

81.     Defendants reallege and incorporate by reference all prior paragraphs of this Answer.

82.     Paragraph 82 of the FAC calls for a legal conclusion and, thus, does not require a response. To the extent it does, Defendants deny the allegations. Moreover, the term "compete" is vague.

83.     Deny the allegations in paragraph 83 of the FAC.

84.     Deny the allegations in paragraph 84 of the FAC.

85.     Deny the allegations in paragraph 85 of the FAC.

86.     Deny the allegations in paragraph 86 of the FAC.

87.     Deny the allegations in paragraph 87 of the FAC.

88.     Deny the allegations in paragraph 88 of the FAC.

89.     Deny the allegations in paragraph 89 of the FAC and request that the court deny Plaintiff's motion for injunctive relief.

## SECOND CAUSE OF ACTION
(Statutory Unfair Competition – Utah Code § 13-5a-103 – Against All Defendants)

### Count One – Trademark Infringement

90.     Defendants reallege and incorporate by reference all prior paragraphs of this Answer.

91.     Deny the allegations in paragraph 91 of the FAC.

92.     Deny the allegations in paragraph 92 of the FAC.

93.     Admit the allegations in paragraph 93 of the FAC.

94.     Deny the allegations in paragraph 94 of the FAC.

95.     Deny the allegations in paragraph 95 of the FAC.

96.     Deny the allegations in paragraph 96 of the FAC.

97.     Deny the allegations in paragraph 97 of the FAC.

98.     Deny the allegations in paragraph 98 of the FAC.

### Count Two – Predatory Hiring Practices

99.     Deny the allegations in paragraph 99 of the FAC.

100.    Deny the allegations in paragraph 100 of the FAC.

101.    Deny the allegations in paragraph 101 of the FAC.

102.    Deny the allegations in paragraph 102 of the FAC.

103.    Deny the allegations in paragraph 103 of the FAC.

104.    Deny the allegations in paragraph 104 of the FAC.

105.    Deny the allegations in paragraph 105 of the FAC.

### THIRD CAUSE OF ACTION
(Misappropriation of Trade Secrets – 18 U.S.C. § 1836(b) – Against All Defendants)

106.    Defendants reallege and incorporate by reference all prior paragraphs of this Answer.

107.    Deny the allegations in paragraph 107 of the FAC.

108.    Deny the allegations in paragraph 108 of the FAC.

109.    Deny the allegations in paragraph 109 of the FAC.

110.    Deny that Enevive uses trade secrets to sell residential home water purification systems. Defendants are without sufficient knowledge to admit or deny the allegations that residential home water purification systems are sold in interstate commerce, and therefore deny the same.

111.    Deny the allegations in paragraph 111 of the FAC.

112.    Deny the allegations in paragraph 112 of the FAC.

113.    Admit that Mr. Bayless and Mr. Adams signed agreements, but deny they had access to trade secrets or that Enevive has. Additionally, Mr. Bayless and Mr. Adams were 1099 contractors, not employees. Defendants lack sufficient knowledge to admit or deny the other allegations in paragraph 113 of the FAC.

114.    Deny the allegations in paragraph 114 of the FAC.

115.    Admit that Mr. Scheeler, Mr. Adams, and Mr. Watson did not have experience in the home water purification industry prior to their employment with Enevive. Deny all remaining allegations in paragraph 115 of the FAC.

116.    Deny the allegations in paragraph 116 of the FAC.

117.    Deny the allegations in paragraph 117 of the FAC.

118.    Deny the allegations in paragraph 118 of the FAC.

119.    Deny the allegations in paragraph 119 of the FAC.

120.    Deny the allegations in paragraph 120 of the FAC.

**FOURTH CAUSE OF ACTION**

(In the alternative, Misappropriation of Trade Secrets – Utah Code § 13-24-1 et seq. – Against All Defendants)

121.    Defendants reallege and incorporate by reference all prior paragraphs of this Answer.

122.    Deny the allegations in paragraph 122 of the FAC and its subparagraphs.

123.    Deny the allegations in paragraph 123 of the FAC.

124.    Deny the allegations in paragraph 124 of the FAC.

125.    Deny the allegations in paragraph 125 of the FAC.

126.    Deny the allegations in paragraph 126 of the FAC.

127.    Deny the allegations in paragraph 127 of the FAC.

128.    Deny the allegations in paragraph 128 of the FAC.

129.    Deny the allegations in paragraph 129 of the FAC.

130.    Deny the allegations in paragraph 130 of the FAC.

131.    Deny the allegations in paragraph 131 of the FAC.

**FIFTH CAUSE OF ACTION**

(Breach of Contract – Against Scheeler, Adams, Watson, Lee, and Bayless)

132.    Defendants reallege and incorporate by reference all prior paragraphs of this Answer.

133.    Other than the limited admissions that follow, Defendants deny any remaining allegations in paragraph 133 of the FAC, including any legal descriptions of any document

and that Enevive has proprietary information: admit that Mr. Scheeler signed the document described as Exhibit B; admit that Mr. Adams signed the document described as Exhibit A; admit that Mr. Bayless signed the document described as Exhibit E. Defendants lack sufficient knowledge to admit or deny the other allegations.

134.    Admit that Messrs. Scheeler, Watson, Adams, and Bayless signed documents as described in paragraph 133 above.  Admit that they were obligated to execute their agreed-upon roles with Enevive and that Enevive was obligated to compensate them for their services. Deny any other allegations in paragraph 134 of the FAC.

135.    Admit that Plaintiff provided compensation to Mr. Scheeler, Mr. Adams, Mr. Watson, and Mr. Bayless for the work they performed. Deny that Mr. Scheeler, Mr. Adams, Mr. Watson, and Mr. Bayless were employees. Defendants lack sufficient knowledge to admit or deny the other allegations.

136.    Deny the allegations in paragraph 135 of the FAC.

137.    Deny the allegations in paragraph 137 of the FAC.

138.    Deny the allegations in paragraph 138 of the FAC.

139.    Deny the allegations in paragraph 139 of the FAC.

140.    Deny the allegations in paragraph 140 of the FAC.

### SIXTH CAUSE OF ACTION
(In the Alternative – Breach of Implied Covenant of Good Faith and Fair Dealing –
Against Scheeler, Adams, Watson, Lee, and Bayless)

141.    Defendants reallege and incorporate by reference all prior paragraphs of this Answer.

142.    Paragraph 142 calls for a legal conclusion and, thus, no response is required. To the extent a response is required, Defendants deny the allegations.

143.    Paragraph 143 calls for a legal conclusion and, thus, no response is required. To the

extent a response is required, Defendants deny the allegations.

144.    Deny the allegations in paragraph 144 of the FAC.

145.    Deny the allegations in paragraph 145 of the FAC.

146.    Deny the allegations in paragraph 146 of the FAC.

147.    Deny the allegations in paragraph 147 of the FAC.

148.    Deny the allegations in paragraph 148 of the FAC.

149.    Deny the allegations in paragraph 149 of the FAC.

### SEVENTH CAUSE OF ACTION
(In the Alternative – Unjust Enrichment – Against All Defendants)

150.    Defendants reallege and incorporate by reference all prior paragraphs of this Answer.

151.    Deny the allegations in paragraph 151 of the FAC.

152.    Deny the allegations in paragraph 152 of the FAC.

153.    Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 153 of the FAC.

154.    Deny the allegations in paragraph 154 of the FAC.

155.    Deny the allegations in paragraph 155 of the FAC.

156.    Deny the allegations in paragraph 156 of the FAC.

157.    Deny the allegations in paragraph 157 of the FAC.

158.    Deny the allegations in paragraph 158 of the FAC.

159.    Deny the allegations in paragraph 159 of the FAC.

160.    Deny the allegations in paragraph 160 of the FAC.

161.    Deny the allegations in paragraph 161 of the FAC.

162.    Deny the allegations in paragraph 162 of the FAC.

163. Deny the allegations in paragraph 163 of the FAC.

## EIGHTH CAUSE OF ACTION
(Trademark Dress Infringement – Lanham Act 15 U.S.C. § 1125(a) – Against All Defendants)

164. Defendants reallege and incorporate by reference all prior paragraphs of this Answer.

165. Deny the allegations in paragraph 165 of the FAC.

166. Defendants are without sufficient knowledge to admit or deny if Enevive uses its logo in interstate commerce and in the states alleged. Deny the other allegations in paragraph 166 of the FAC.

167. Deny the allegations in paragraph 167 of the FAC.

168. Deny the allegations in paragraph 168 of the FAC.

169. Deny the allegations in paragraph 169 of the FAC.

170. Deny the allegations in paragraph 170 of the FAC.

171. Deny the allegations in paragraph 171 of the FAC.

172. Deny the allegations in paragraph 172 of the FAC.

173. Deny the allegations in paragraph 173 of the FAC.

174. Deny the allegations in paragraph 174 of the FAC.

## NINTH CAUSE OF ACTION
(Conversion – Against Scheeler and Watson)

175. Defendants reallege and incorporate by reference all prior paragraphs of this Answer.

176. Deny the allegations in paragraph 176 of the FAC.

177. Deny the allegations in paragraph 176 of the FAC.

178. Admit that Mr. Scheeler was terminated on May 29, 2024 and that Mr. Watson

ended his relationship with Enevive on the same day. Deny all other allegations in paragraph 178 of the FAC.

179.    Deny the allegations in paragraph 179 of the FAC.

180.    Deny the allegations in paragraph 180 of the FAC.

181.    Deny the allegations in paragraph 181 of the FAC.

182.    To the extent that "firm specific software" refers to lead generation software, deny that lead generation software existed. Deny all remaining allegations in paragraph 182 of the FAC.

183.    Deny the allegations in paragraph 183 of the FAC.

184.    Deny the allegations in paragraph 184 of the FAC.

185.    Deny the allegations in paragraph 185 of the FAC.

186.    Deny the allegations in paragraph 186 of the FAC.

## TENTH CAUSE OF ACTION
(Intentional Interference with Economic Relations – Three Counts)

### Count One – Interference with Lead Generation Software – Against Scheeler and Watson

187.    Defendants reallege and incorporate by reference all prior paragraphs of this Answer.

188.    Deny the allegations in paragraph 188 of the FAC.

189.    Deny the allegations in paragraph 189 of the FAC

190.    Admit the allegations in paragraph 190 of the FAC, as with any business.

191.    Admit that Mr. Scheeler was terminated on May 29, 2025. Mr. Watson was never an employee and ended his contractor relationship the same day. Mr. Sheeler denies he committed any misconduct.

192.    Deny the allegations in paragraph 192 of the FAC.

15

193.    Deny the allegations in paragraph 193 of the FAC.

194.    Deny the allegations in paragraph 194 of the FAC.

195.    To the extent that "firm specific software" refers to lead generation software, deny that lead generation software existed. Deny all remaining allegations in paragraph 195 of the FAC.

196.    Deny the allegations in paragraph 196 of the FAC.

197.    Deny the allegations in paragraph 197 of the FAC.

*Count Two – Interference with Relationships with Brand Partners – Against All Defendants*

198.    Admit that Defendants became aware of business relationships Enevive had with product partners that were part of the company's business structure. Defendants do not know what Plaintiff means by the terms "important" and "essential" in the context of this allegation and, therefore, deny those allegations.

199.    Deny the allegations in paragraph 199 of the FAC.

200.    Deny the allegations in paragraph 200 of the FAC.

201.    Deny the allegations in paragraph 201 of the FAC.

*Count Three – Interference with Enevive Employees – Against All Defendants*

202.    Deny the allegations in paragraph 202 of the FAC.

203.    Deny the allegations in paragraph 203 of the FAC.

204.    Deny the allegations in paragraph 204 of the FAC.

205.    Deny the allegations in paragraph 205 of the FAC.

206.    Deny the allegations in paragraph 206 of the FAC.

## ELEVENTH CAUSE OF ACTION
(Civil Conspiracy – Against All Defendants)

207.    Defendants reallege and incorporate by reference all prior paragraphs of this

Answer.

208.    Deny that Mr. Scheeler, Mr. Watson, Mr. Adams, and Mr. Bayless were employees at Enevive. Each of them was a 1099 contractor. Defendants lack sufficient knowledge to admit or deny the other allegations in paragraph 208 of the FAC.

209.    Deny the allegations in paragraph 209 of the FAC.

210.    Deny the allegations in paragraph 210 of the FAC.

211.    Admit that Mr. Scheeler and Mr. Watson had a close relationship. Deny that Mr. Scheeler recruited Mr. Watson to form BlueLogic.

212.    Deny the allegations in paragraph 212 of the FAC.

213.    Deny the allegations in paragraph 213 of the FAC.

214.    Deny the allegations in paragraph 214 of the FAC.

215.    Deny the allegations in paragraph 215 of the FAC.

216.    Deny the allegations in paragraph 216 of the FAC.

217.    Deny the allegations in paragraph 217 of the FAC.

218.    Deny the allegations in paragraph 218 of the FAC.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for relief as follows:

A.    That Plaintiff takes nothing from its claims;

B.    That Plaintiff's claims be dismissed with prejudice;

C.    That Defendants be awarded their attorney fees and costs incurred herein;

D.    That Defendants be awarded their interest; and

E.    For such other relief as the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
(Failure to State a Claim)

1.      Plaintiff's claims are barred in whole or in part because they fail to state facts constituting a cognizable cause of action.

### Second Affirmative Defense
(Full Performance of Duty)

2.      Plaintiff's claims are barred in whole or in part because Defendants satisfied, fulfilled, and performed each and every obligation and duty imposed by law or contract to the full extent of their responsibility.

### Third Affirmative Defense
(Failure of Consideration)

3.      Plaintiff's claims are barred in whole or in part by failure of consideration.

### Fourth Affirmative Defense
(Statute of Limitations)

4.      Plaintiff's claims are barred in whole or in part under the applicable statute of limitations or other statutory bars.

### Fifth Affirmative Defense
(Acts or Omissions of Plaintiff)

5.      To the extent Plaintiff suffered any damages—which Defendants deny—it was caused solely by the acts or omissions of Plaintiff.

### Sixth Affirmative Defense
(No Injury or Damage)

6.      Plaintiff has not been injured or damaged in any way or in any manner as a result of any alleged acts, conduct, or omissions of Defendants, and Plaintiff is not entitled to the relief sought, or any relief, on the grounds alleged, or otherwise.

**Seventh Affirmative Defense**
(Failure to Mitigate)

7.      Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate the alleged injuries and damages caused to it.

**Eighth Affirmative Defense**
(Offset)

8.      Defendants are entitled to an offset to Plaintiff's claims sufficient to diminish or defeat Plaintiff's recovery (if any) thereunder.

**Ninth Affirmative Defense**
(Consent)

9.      Plaintiff's claims are barred in whole or in part because Plaintiff, by its knowledge, statements and/or conduct, consented and/or acquiesced to the alleged acts and/or omissions of Defendants described in Plaintiff's claims.

**Tenth Affirmative Defense**
(Excuse)

10.     Any acts or failure to act on the part of Defendants were excused by Plaintiff's actions.

**Eleventh Affirmative Defense**
(Release and Waiver)

11.     Plaintiff's claims are barred in whole or in part by the doctrines of release and waiver.

**Twelfth Affirmative Defense**
(Unjust Enrichment)

12.     Plaintiff's claims are barred in whole or in part by the doctrine of unjust enrichment.

**Thirteenth Affirmative Defense**
(Good Faith)

13.     With respect to the matters alleged in the claims, Defendants at all times acted in good faith, thus precluding any recovery to Plaintiff.

19

### Fourteenth Affirmative Defense
(Speculative Damages)

14.     Plaintiff's claim for damages is barred, either in whole or in part, because its purported damages are remote, speculative and/or unavailable as a matter of law.

### Fifteenth Affirmative Defense
(Intervening/Superseding Causes)

15.     Plaintiff's claims, and each purported cause of action asserted therein, are barred due to the effects of intervening or superseding causes.

### Sixteenth Affirmative Defense
(Unclean Hands)

16.     Plaintiff is attempting to benefit from their own wrongdoing. Consequently, its claims are barred in whole or in part under the doctrine of unclean hands.

### Seventeenth Affirmative Defense
(Estoppel)

17.     Plaintiff's claims, and each purported cause of action asserted therein, are barred by operation of the equitable doctrine of estoppel.

### Eighteenth Affirmative Defense
(Accord and Satisfaction)

18.     Plaintiff's claims are barred in whole or in part under the doctrine of accord and satisfaction.

### Nineteenth Affirmative Defense
(Mistake)

19.     Plaintiff's claims are barred by mistake or lack of mutual assent.

### Twentieth Affirmative Defense
(Prior Breach)

20.     Plaintiff's claims are barred in whole or in part because of its own non-performance, material breach, or prior breach of the agreements.

## Twenty-first Affirmative Defense
(Consent, Authorization, Ratification)

21.    Defendants acted within their job duties with access Plaintiff provided using information Plaintiff voluntarily disclosed.

## Twenty-second Affirmative Defense
(Reservation of Additional Defenses)

22.    Defendants hereby reserve the right to amend their answer to raise additional affirmative defenses as they become available or apparent through discovery or otherwise.


Dated: December 10, 2025            **BRAMMER RANCK, LLP**


  /s/ *Brady Brammer*
Brady Brammer
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2025, a true and correct copy of the foregoing ANSWER TO FIRST AMENDED COMPLAINT was electronically filed with the Clerk of the Court using the CM/ECF system which will deliver the same to counsel of record.

*/s/ Ashley Jimenez*
Ashley Jimenez